# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERVIN ALLEN, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-2107** |
| **BURL CAIN** | **SECTION "I"(1)** |

## ORDER AND REASONS

Ervin Allen, Sr., has filed with this Court a petition seeking *habeas corpus* relief. Federal law provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, *the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him* and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d) (emphasis added). The United States Fifth Circuit Court of Appeals has held that this statute is jurisdictional. Webb v. Beto, 362 F.2d 105, 108 (5th Cir. 1966).

This Court lacks subject matter jurisdiction to consider Allen's petition. Allen alleges in his petition that he was convicted in the Eighteenth Judicial District Court for Iberville Parish, Louisiana. Iberville Parish is located within the Middle District of Louisiana. 28 U.S.C. § 98(b). Moreover, Allen is incarcerated at the Louisiana State Penitentiary located in West Feliciana Parish, Louisiana. West Feliciana Parish is likewise located within the Middle District of Louisiana. 28 U.S.C. § 98(b). Allen has no discernable connection with the Eastern District of Louisiana.

Therefore, this petition could be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). However, "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ...." 28 U.S.C. § 1631; see also Wickware v. Johnson, Civ. A. 1:01CV422, 2001 WL 881269 (E.D. Tex. July 3, 2001). This civil action could have been brought in the Middle District of Louisiana, the district in which petitioner was convicted and is incarcerated. 28 U.S.C. § 2241(d).

Accordingly,

**IT IS ORDERED** that the above-captioned action is hereby **TRANSFERRED** to the United States District Court for the Middle District of Louisiana.

New Orleans, Louisiana, this twenty-seventh day of July, 2015.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**